ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| CHRISTIAN J. FRANCIS MARTÍNEZ<br><br>Apelado<br><br>v.<br><br>PODER JUDICIAL DE PUERTO RICO t/c/c OFICINA DE ADMINISTRACIÓN DE LOS TRIBUNALES, representada por su Director Administrativo, HON. SIGFRIDO STEIDEL FIGUEROA<br><br>Apelantes | KLAN202500025 | Recurso de *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2024CV06285<br><br>Sobre:<br>Información Pública Ley Núm. 141-2019 |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

### SENTENCIA

En San Juan, Puerto Rico, a 20 de marzo de 2025.

Comparece el señor Christian J. Francis Martínez (señor Francis Martínez) por derecho propio mediante recurso de *Apelación* y nos solicita la revisión de una *Resolución* emitida y notificada el 13 de diciembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan ("el foro primario" o "el foro *a quo*"). En virtud del referido dictamen, el foro primario declaró *No Ha Lugar* el *Recurso Especial de Revisión Judicial para el Acceso a la Información Pública* presentado por el señor Francis Martínez al amparo de la *Ley de Transparencia y Procedimiento Expedito para el Acceso a Información Pública*, Ley Núm. 141-2019, 3 LPRA sec. 9911 *et seq.*, según enmendada (en adelante "Ley Núm. 141-2019 o Ley de Acceso a la Información"). A vez, el foro primario decretó la desestimación del caso, fundamentado en que la Regla 28 de Administración del Tribunal del Primera Instancia es el proceso idóneo para la producción de las grabaciones solicitadas.

**Por los fundamentos que pasamos a exponer, acogemos el recurso de epígrafe como uno de *certiorari*, sin alterar su designación**

**alfanumérica, expedimos el auto de *certiorari* solicitado por el señor Francis Martínez y revocamos la Resolución recurrida.[1]**

## I.

El 5 de junio de 2024, el señor Francis Martínez cursó una carta a la Oficina de Administración de Tribunales ("OAT") a los fines de requerir las regrabaciones de las vistas celebradas el 23 de junio de 2023 y el 8 de noviembre de 2023 en dos casos independientes (CG2022CV01932 y CG2022CV00635) ante el Tribunal de Primera Instancia de Caguas.[2] En atención a su solicitud, el 17 de junio de 2024, la OAT, por conducto del licenciado Pérez Nieves, director de la Oficina de Prensa y Oficial de Información, le remitió el siguiente comunicado:

> Ante lo solicitado, traemos a su atención que el acceso que procura está regulado por la vía judicial. *Véase*, Regla 28 de las *Reglas para la Administración del Tribunal de Primera Instancia*. Por lo tanto, no nos resulta posible atender su petición a nivel administrativo. En cambio, su petición de acceso a las regrabaciones identificadas debe encauzarse judicialmente al tribunal que atiende este asunto por estar sujeto a determinación judicial y al pago de derechos arancelarios aplicables.[3]

Así las cosas, el 3 de julio de 2024, el señor Francis Martínez presentó un *Recurso Especial de Revisión Judicial para el Acceso a Información Pública* ante el foro primario al amparo de la Ley de Transparencia y Procedimiento Expedito parta el Acceso a la Información Pública, Ley Núm. 141-219, 3 LPRA 9911, según enmendada ("Ley Núm. 141-2019" o "Ley de Acceso a la Información Pública").[4] En ajustada síntesis, argumentó que el proceso establecido por la Regla 28 de las Reglas de Administración del Tribunal de Primera Instancia no contempla un remedio a su favor, pues condiciona la solicitud de grabación a propósitos de revisión o apelación. En esa línea, razonó que las regrabaciones solicitadas deben considerarse documentos públicos generados de forma rutinaria a tenor con la Ley Núm. 141-2019, *supra.*

---

[1] El Artículo 9 de la Ley Núm. 141-2019 dispone que "[e]l Tribunal deberá resolver por escrito la controversia, mediante **resolución fundamentada** en derecho declarando con o sin lugar la solicitud de producción de información pública ... ". [Énfasis Nuestro].
[2] Apéndice de la parte apelante, págs. 1-2.
[3] Apéndice de la parte apelante, pág. 3.
[4] Apéndice de la parte apelante, págs. 4-20.

En vista de tales alegaciones, el 19 de julio de 2024, la Oficina de Administración de los Tribunales (OAT) sometió *Moción de Desestimación* al amparo de la Regla 10.2(5) de Procedimiento Civil.[5] En síntesis, relató que el 10 de octubre de 2023, el señor Francis Martínez presentó una *Moción Solicitando Renuncia de Representación Legal y Otros Remedios* en un caso anterior de expropiación forzosa en el cual fungió como abogado del Municipio Autónomo de Caguas. Eventualmente, según expuso la OAT, el 22 de noviembre de 2023, este presentó una *Moción Solicitando Regrabación de Vista* en ese caso. No obstante, destacó que el foro primario declaró *No Ha Lugar* la solicitud, por lo que, esa determinación advino final y firme.[6] Ante tal contexto, argumentó que el señor Francis Martínez no puede utilizar el recurso de revisión de la Ley Núm. 141-2019, *supra*, para atacar directamente el dictamen. En vista de ello, solicitó la desestimación de la causa de acción por dejar de exponer una reclamación que amerite la concesión de un remedio.

Luego de una serie de incidencias procesales, que no son necesarias pormenorizar, el 21 de noviembre de 2024, el señor Francis Martínez presentó su *Oposición a Desestimación.*[7] Reiteró que los audios de las vistas referidas forman parte del expediente judicial, por lo que, son documentos públicos. Por tal razón adujo que cualquier ciudadano tiene derecho de acceso a las regrabaciones sin necesidad de acreditar algún interés particular o jurídico. Asimismo, subrayó que durante el periodo de cinco (5) meses efectuó una serie de gestiones al amparo de la Regla 28 para la Administración del Tribunal de Primera Instancia. Sin embargo, indicó que

---

[5] Apéndice de la parte apelante, págs. 21-41.
[6] Surge del expediente ante nuestra consideración que, este foro intermedio apelativo revisó dicha denegatoria mediante un recurso interlocutorio presentado por el señor Francis Martínez. Tras un examen detenido del expediente, el 29 de febrero de 2024, esta Curia denegó la expedición del *certiorari*. (KLCE2023-1446). Mediante dicho dictamen se hizo constar en el caso KLCE202301446, que la postura del Municipio de Caguas con respecto a la solicitud de regrabación de la vista celebrada en el caso CG2022CV00635 era que el señor Francis Martínez carecía de legitimación activa para solicitar la regrabación porque este ya no era abogado del Municipio y que procedía que hiciera su reclamo en un pleito independiente, de conformidad con lo dispuesto en el Artículo 9 de la Ley Núm. 141-2019. Apéndice de la parte apelante, págs. 81-88.
[7] Apéndice de la parte apelante, págs. 45-60.

el foro primario denegó el acceso a las regrabaciones de las vistas. Así expuesto, solicitó la denegatoria de la desestimación.

En respuesta a tales argumentos, el 26 de noviembre de 2024, el ELA sometió una *Réplica a "Oposición a Desestimación"*.[8] En esencia, reiteró que el señor Francis Martínez no puede utilizar el mecanismo procesal contemplado en la Ley Núm. 141-2019, *supra*, para atacar colateralmente la determinación que denegó el acceso a la regrabación emitida por el Tribunal de Primera Instancia y el Tribunal de Apelaciones en un caso previo. A la luz de tales consideraciones, la OAT peticionó la desestimación del presente caso.

Luego de examinar los argumentos de las partes, el 13 de diciembre de 2024, el foro primario emitió y notificó una *Resolución* en la que declaró *Ha Lugar* la desestimación solicitada por el ELA.[9] Consecuentemente, dictó *No Ha Lugar* el *Recurso Especial de Revisión Judicial para el Acceso a la Información Pública* radicado por el señor Francis Martínez. En lo pertinente, dispuso el siguiente pronunciamiento judicial:

> Por lo tanto, siendo la Regla 28 el proceso idóneo para la producción de transcripciones o regrabaciones, por medio de la vía judicial, entendemos que recurrir por medio del recurso especial de revisión dispuesto en el Art. 9 de la Ley Núm. 141-2019, supra, de una denegatoria de la solicitud de regrabaciones hecha por la OAT es improcedente. Permitirlo en el presente caso, sería utilizar la Ley 141, supra, como un mecanismo para revisar la determinación del Tribunal de Apelaciones en el *certiorari* presentado.[10]

Inconforme con tal proceder, el 13 de enero de 2025, el señor Francis Martínez recurrió ante este Tribunal de Apelaciones mediante un recurso de *Apelación*, en cual expuso dos señalamientos de error:

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO CONCLUIR QUE LOS AUDIOS DE UNA VISTA JUDICIAL FORMAN PARTE DEL EXPEDIENTE DE UN CASO, Y COMO TALES, EN AUSENCIA DE DETERMINACIÓN DE QUE EL EXPEDIENTE SEA CONFIDENCIAL, SU CONTENIDO —INCLUYENDO LOS AUDIOS DE LAS VISTAS CELEBRADAS— ES INFORMACIÓN PÚBLICA A LA QUE CUALQUIER CIUDADANO TIENE DERECHO DE ACCESO.**

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO APLICAR LA NORMA DE HERMENÉUTICA LIBERAL EN FAVOR DEL SOLICITANTE DE INFORMACIÓN PÚBLICA Y**

---

[8] Apéndice de la parte apelante, págs. 62-70.
[9] Apéndice de la parte apelante, págs. 71-80.
[10] Apéndice de la parte apelante, págs. 78-80.

**AL NO RECONOCERLE AL DERECHO CONSTITUCIONAL DE ACCESO A INFORMACIÓN PÚBLICA DE CARÁCTER PERMANENTE LIMITADO A SU VEZ EL PROCESO DE SOLICITUD DE INFORMACIÓN PÚBLICA DEL CUAL SE PUEDE HACER USO.**

Sometido el recurso, el 17 de enero de 2025, esta Curia emitió una *Resolución* en la cual ordenó a la parte apelada a presentar su posición de conformidad con la Regla 22 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 22.

En cumplimiento con lo ordenado, el 21 de febrero de 2025, la OAT compareció ante nos mediante *Alegato en Oposición.* En esencia la OAT sostiene que aún cuando la Ley Núm. 141-2019, *supra,* creó un procedimiento dirigido a que cualquier ciudadano solicite información pública mediante petición escrita o por vía electrónica, sin necesidad de acreditar algún interés particular o jurídico, permitir que las personas utilicen la Ley Núm. 141-2019, para solicitar al Poder Judicial a través de la OAT las regrabaciones de los procedimientos judiciales socavaría los principios más básicos que sostienen nuestro sistema judicial. Razona la OAT que como ente administrativo no puede intervenir con las determinaciones sustantivas y procesales emitidas por los jueces, ni con la reglamentación aprobada por el Tribunal Supremo de Puerto Rico.

## II.

### A. *Certiorari*

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).   La reseñada

discreción ha sido definida en nuestro ordenamiento jurídico como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. Ello no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, pues constituiría un abuso de discreción. *Negrón Placer v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

Para poder ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De otra parte, este Tribunal intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle*

*Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### B. Acceso a la información pública

En nuestro ordenamiento jurídico, "todo ciudadano tiene derecho a inspeccionar y sacar copia de cualquier documento público de Puerto Rico, salvo lo expresamente dispuesto en contrario por la ley". Artículo 409 del Código de Enjuiciamiento Civil de Puerto Rico de 1933, Ley Núm. 6 del 31 de marzo de 1933, 32 LPRA sec. 1781, según enmendado. Así pues, el acceso a la información se ha reconocido como corolario de los derechos a libertad de palabra, prensa y asociación explícitamente consagrados en el Artículo II de la Sección 4 de la Constitución Puerto Rico. *Ortiz v. Dir. Adm. de los Tribunales*, 152 DPR 161, 175 (2000). A su vez, este derecho faculta que las personas emitan juicios informados sobre los actos de su gobierno. *Kilómetro 0 v. Pesquera López et al.*, 207 DPR 200, 208 (2021); *Colón Cabrera v. Caribbean Petroleum*, 170 DPR 582, 590 (2007).

Por su trascendencia, constituye un derecho fundamental constitucional, pues es un principio inherente de toda sociedad democrática. *Engieneering Services v. AEE*, 205 DPR 136, 145 (2020); *Trans Ad de P.R. v. Junta de Subastas*, 174 DPR 56, 67 (2008). En vista de ello, "el Estado no puede negarse caprichosamente y de forma arbitraria a permitir su acceso". *Colón Cabrera v. Caribbean Petroleum, supra,* pág. 590. Ahora bien, "[e]l derecho de acceso a determinada información en poder del Estado depende, en primer lugar, de si la información solicitada es en realidad información pública". *Ortiz v. Dir. Adm. De Los Tribunales*, *supra,* pág. 176.

En esa dirección, la Asamblea Legislativa de Puerto Rico ha conceptualizado qué constituye un *documento público* a lo largo de la historia. En lo pertinente, el Artículo 3(b) de la Ley de Administración de Documentos Públicos de Puerto Rico, Ley Núm. 5 de 8 de diciembre de 1955, 3 LPRA sec. 1001, según enmendada, reconoce que un documento público es aquel que exhiba los siguientes componentes:

(b) Documento Público. — Es todo documento que se origine, conserve o reciba en cualquier dependencia del Estado Libre Asociado de Puerto Rico de acuerdo con la ley o en relación con el manejo de los asuntos públicos y que de conformidad con lo dispuesto en el Artículo 4 de esta ley (3 LPRA sec. 1002) se haga conservar que se requiera conservar permanentemente o temporalmente como prueba de las transacciones o por su valor legal. Incluye aquellos producidos de forma electrónica que cumplan con los requisitos establecidos por las leyes y reglamentos.

Cónsono con lo anterior, el Artículo 3(c) de la Ley de Datos Abiertos del Gobierno de Puerto Rico, Ley Núm. 122-2019, 3 LPRA sec. 9893, según enmendada, define datos públicos de la siguiente manera:

(c) "Datos Públicos" – Aquella información documentada, o que debe ser documentada por un servidor público o por un tercero autorizado por la ley o por éste; incluye todo documento, ya sea de forma física o electrónica, que se origine, conserve o reciba en cualquier Organismo Gubernamental de acuerdo con la ley o en relación con el manejo de los asuntos públicos y que se requiera conservar permanentemente o temporeramente como prueba de las transacciones o su valor legal, de acuerdo a las disposiciones de la Ley Núm. 5 de 8 de diciembre de 1955, según enmendada, conocida como la "Ley de Administración de Documentos Públicos de Puerto Rico"; incluye además toda información de procedencia pública o que surgiere del ejercicio de la autoridad pública o como producto del empleo de recursos públicos o de autoridad pública, directa o indirectamente delegada. **Incluye documentos, datos, cualquier otro género de información electrónica visible, o cualquiera otra similar en las que se detalle el producto de la iniciativa o de la gestión pública y el empleo de sus recursos y el ejercicio de la autoridad del Estado, directa o indirectamente delegada.** No serán Datos Públicos los expedientes de personal o cualquier información de esta índole. Al momento de entregar cualquier dato que se entienda que es público el Organismo Gubernamental deberá asegurarse de tomar las salvaguardas necesarias para no incluir ningún tipo de información o dato que pueda contener información confidencial, prohibida por alguna ley o que se encuentre dentro de algunas de las excepciones establecidas en el Artículo 4 de la presente Ley.

A los fines de garantizar este derecho, la legislatura puertorriqueña adoptó la *"Ley de Transparencia y Procedimiento Expedito para el Acceso a la Información Pública"*, Ley Núm. 141-2019, *supra.* La aplicabilidad de esta legislación se extiende a la rama legislativa, la rama judicial y la rama ejecutiva, incluyendo en esta a todas las entidades gubernamentales, corporaciones públicas y los municipios, según prescrito en el Artículo 2 de la Ley Núm. 141-2019, *supra.* 3 LPRA sec. 9912.

En armonía con lo anterior, el Artículo 3 de la pieza legislativa referida establece los siguientes principios que salvaguardan el acceso a la información pública:

1) La información y documentación que produce el gobierno se presume pública y accesible a todas las personas por igual.

2) La información y documentación que produce el gobierno en sus estudios, transacciones y en el ejercicio de la autoridad pública, de manera directa o delegada, son patrimonio y memoria del pueblo de Puerto Rico.

3) El derecho constitucional de acceso a la información requiere la transparencia gubernamental.

4) Toda información o documento que se origine, conserve o reciba en cualquier dependencia del Gobierno, aunque se encuentre bajo la custodia de un tercero, se presume público y debe estar accesible al Pueblo y la prensa.

5) El derecho de acceso a la información pública es un pilar constitucional y un derecho humano fundamental.

6) El acceso a la documentación e información pública tiene que ser ágil, económico y expedito.

7) Toda persona tiene derecho a obtener la información y documentación pública, sujeto a las normas y excepciones aplicables. El Gobierno de Puerto Rico establece en la presente Ley una política de apertura a la información y documentación, que incluya la disponibilidad de la tecnología y de los avances necesarios para hacer valer el derecho de los solicitantes a acceder a la información y documentación pública de forma oportuna, objetiva, veraz, completa, reutilizable, procesable y disponible en formatos accesibles, inalterados e íntegros. 3 LPRA sec. 9913.

A esos efectos, el Artículos 6 de la Ley Núm. 141-2019, *supra*, permite que cualquier persona solicite la información pública mediante el siguiente procedimiento:

Cualquier persona podrá solicitar información pública mediante solicitud escrita o por vía electrónica, sin necesidad de acreditar algún interés particular o jurídico. El Oficial de Información tendrá la responsabilidad de notificar, por email, fax o correo regular, a todo peticionario de información o documentación pública que su solicitud fue recibida y el número de identificación de la misma. La solicitud de información deberá incluir al menos una dirección o correo electrónico para recibir notificaciones, el formato en que desea recibir la información y una descripción de la información que solicita. 3 LPRA sec. 9916.

En el pertinente, el Artículo 5 dispone expresamente lo siguiente:

Cada una de las agencias o entidades gubernamentales que componen el Gobierno de Puerto Rico deberá, salvo justa causa, identificar al menos tres (3) servidores públicos entre los empleados existentes, de los cuales dos (2) serán de carrera. Los empleados identificados serán los designados y certificados como Oficiales de Información en cada una de las entidades gubernamentales. Cuando la estructura organizativa, complejidad funcional o tamaño de la entidad requiera un número mayor o menor de Oficiales de Información, se deberá justificar por escrito y notificar a la Oficina del Secretario de Asuntos Públicos de la Oficina del Gobernador u oficina análoga, quien determinará si procede o no la solicitud. En cuanto a la Rama Legislativa y la Rama Judicial las mismas deberán asignar el personal que entiendan pertinente como Oficiales de Información y establecer el proceso interno que entiendan pertinente para evaluar la cantidad de Oficiales a designarse. Los Oficiales de Información deberán ser adiestrados sobre el contenido de esta Ley,

la reglamentación, los procedimientos aplicables y sus obligaciones jurídicas como responsables del cumplimiento de esta Ley. A su vez, deberán recibir adiestramientos sobre la jurisprudencia establecida por el Tribunal Supremo en materia de acceso a la información pública. Compartirán la responsabilidad de velar por el cumplimiento de esta Ley con el funcionario a cargo de la entidad gubernamental.

Los Oficiales de Información tendrán la obligación de recibir las solicitudes de información, tramitar las mismas y facilitar el acceso a los documentos en el formato solicitado, dentro de los términos establecidos en esta Ley. Los Oficiales de Información registrarán las solicitudes de información en el orden en el que son recibidas y serán numeradas, siendo este número el elemento de referencia en cualquier trámite o proceso de revisión de la solicitud. De igual forma, los Oficiales deberán proveer la ayuda necesaria a cualquier ciudadano que desee realizar una solicitud de información. Los Oficiales de Información serán además el contacto central en la entidad gubernamental para la recepción de solicitudes de información y para la asistencia a los individuos que solicitan información. Lo anterior no limitará de forma alguna la opción de los ciudadanos y de la prensa para solicitar información a otros funcionarios de la dependencia, incluyendo al Oficial de Prensa de la entidad gubernamental. Los nombres e información de contacto de los Oficiales de Información estarán disponibles en las páginas cibernéticas oficiales de cada una de las entidades gubernamentales correspondientes, de la Oficina de Gerencia y Presupuesto (OGP) y de La Fortaleza, de igual forma deberán estar disponibles en documento impreso en los centros de servicios integrados distribuidos en Puerto Rico. 3 LPRA sec.9915.

Dispone además, el Artículo 7 de la Ley Núm. 141-2019, *supra,* que los Oficiales de Información de una entidad gubernamental deberán producir cualquier información pública para su inspección, reproducción o ambos, a petición de cualquier solicitante, en un término no mayor de diez (10) días laborables. 3 LPRA sec. 9917. Asimismo, el Artículo 7 del estatuto establece que "[t]oda decisión de denegar la divulgación de información pública tiene que especificar por escrito los fundamentos jurídicos en los que se basa la denegatoria o negativa de entregarla en el término establecido".

Como norma general, el acceso o inspección a la información pública solicitada será gratuita, no obstante, las copias, grabaciones y reproducciones estarán sujetas a cargos razonables y al pago de derechos, conforme se establezca mediante reglamento u orden administrativa según dispone el Artículo 8 de la Ley Núm. 141-2019, *supra.* 3 LPRA sec. 9918.

Ahora bien, en aquellos casos en que una entidad gubernamental deniegue el acceso a la información, la persona puede instar un recurso

especial de revisión judicial ante el Tribunal de Primera Instancia a tenor

con la facultad establecida en el Artículo 9 de la Núm. 141-2019, *supra*:

> Cualquier persona a la cual una entidad gubernamental le haya notificado su determinación de no entregar la información solicitada o que no haya hecho entrega de la información dentro del término establecido o su prórroga, tendrá derecho a presentar, por derecho propio o a través de su representación legal, ante la sala del Tribunal de Primera Instancia de la Región Judicial donde reside, un Recurso Especial de Acceso a Información Pública. 3 LPRA sec. 9919.

De este modo, se garantiza el flujo de información pública que genera

discusiones informadas y se fortalece la facultad de la ciudadanía de

participar efectiva e inteligentemente en los asuntos gubernamentales.

*Engieneering Services v. AEE, supra*, pág. 146.

El referido Artículo 9 de la Ley Núm. 141-2019, *supra*, dispone

además, lo siguiente:

> .....Para la radicación del recurso, la Rama Judicial deberá crear y tener disponible al público un formato simple para cumplimentar. La radicación del recurso no conllevará la cancelación de sellos ni aranceles. [...]
> El recurso en cuestión deberá presentarse dentro del término de cumplimiento estricto de treinta (30) días, contados a partir de la fecha en que la entidad gubernamental haya notificado su determinación de no entregar la información solicitada o de la fecha en que venció el término disponible para ello si no hubo contestación.
> La entidad gubernamental notificada con un recurso bajo esta Ley vendrá obligada a comparecer por medio de su escrito, en un término de diez (10) días laborables, salvo justa causa en cuyo caso no podrá ser un término menor a cinco (5) días laborables, contados a partir de la fecha de la notificación emitida a tales efectos por el Secretario del Tribunal de Primera Instancia. [...]
> El Tribunal tendrá que celebrar una vista dentro del término de tres (3) días laborables de recibir la contestación de la entidad gubernamental de entender que las circunstancias particulares del caso y de la información solicitada así lo requieren.
> El Tribunal deberá resolver por escrito la controversia, mediante resolución fundamentada en derecho declarando con o sin lugar la solicitud de producción de información pública en un término de diez (10) días contados desde que la entidad gubernamental emitió su contestación al tribunal o desde que se celebró la vista, de haberse celebrado la misma. 3      LPRA 9919

Los términos dispuestos en el Artículo 9, *supra*, son breves debido a

que la ley tiene como fin la entrega de la información pública en el menor

tiempo posible y de inmediato si existe. A tenor con ello, denegar este

derecho amerita una determinación fundamentada así como un proceso

expedito y gratuito ante un tribunal para cuestionar la actuación

gubernamental. Los tribunales también deben resolver estas controversias de forma expedita." Véase, *Exposición de Motivos* de la Ley Núm. 141-2019, *supra*. El auto de *Certiorari* es el único remedio disponible para la parte que esté inconforme con la resolución fundamentada emitida por el foro de primera instancia.

De otra parte, el Artículo 11 de la Ley Núm. 141-2019, *supra*, estableció un mandato expreso en el que "[t]oda entidad gubernamental del Gobierno de Puerto Rico deberá enmendar o aprobar cualquier reglamentación, orden administrativa, o carta circular para dar fiel cumplimiento a esta Ley." 3 LPRA sec.9921. En cuanto a su interpretación, el Artículo 12 de la Ley Núm. 141-2019, *supra*, destaca lo siguiente:

> La enumeración de derechos que antecede no se entenderá de forma restrictiva, ni supone la exclusión de otros derechos y procedimientos pertenecientes a las personas solicitantes de información pública y no mencionados específicamente como lo es el recurso de mandamus tradicional.
>
> Esta Ley deberá interpretarse en la forma más liberal y beneficiosa para la persona solicitante de información pública. En caso de conflicto entre las disposiciones de esta Ley y la de cualquier otra legislación, prevalecerá aquella que resulte más favorable para la persona solicitante de información y documentación

3 LPRA sec. 9922 (Énfasis suplido).

### C. Solicitud de regrabación ante el Tribunal de Primera Instancia

La Constitución de Puerto Rico faculta al Tribunal Supremo de Puerto Rico a adoptar reglas para la administración de los tribunales sujeto a otras leyes aplicables en el gobierno. Art. V, Sec. V, Const. PR, LPRA, Tomo 1. En cumplimiento de ese mandato, el foro supremo adoptó las *Reglas para la Administración del Tribunal de Primera Instancia del Estado Libre Asociado de Puerto Rico de 1999*, ("*Reglas para la Administración del TPI*"), 4 LPRA II-B. En lo pertinente, la Regla 32 (A)(1) dispone expresamente que los expedientes judiciales son públicos. De igual forma la Regla 32 en su inciso (A)(6) dispone que "[e]sta regla aplica a toda forma de recoger lo acontecido en las vistas en los salones de sesiones, sea por grabación digital, cinta magnetofónica o videomagnetofónica, taquigrafía o estenotipia."

Por su parte, la Regla 28 de las Reglas para la Administración del TPI, *supra*, regula el procedimiento de la solicitud de regrabación o transcripción de la prueba para propósitos de revisión o apelación. Sobre estos extremos, la Regla 28, *supra*, dispone expresamente lo siguiente:

**Regla 28. TRANSCRIPCIÓN DE LA PRUEBA; CONSIGNACIÓN DE HONORARIOS E INFORMES DE LOS TAQUÍGRAFOS**

A. La transcripción de la prueba o la <u>regrabación</u> de los <u>procedimientos</u> <u>para</u> <u>propósitos</u> de <u>revisión</u> o <u>apelación</u> solamente podrá ser autorizada por el Tribunal Supremo o por el Tribunal de Circuito de Apelaciones, conforme con lo dispuesto en sus respectivos Reglamentos.

B. Autorizada la transcripción, su proponente deberá solicitar al Tribunal de Primera Instancia la regrabación de los procedimientos. Presentada ante el Tribunal de Primera Instancia dicha solicitud, la Secretaría del tribunal la asignará, de manera automática, a la sala del Juez Administrador o de la Jueza Administradora de la Región Judicial. De igual forma, la Secretaría del tribunal remitirá a dicho funcionario o a dicha funcionaria cualquier solicitud de grabación, regrabación o para escuchar una grabación.

De igual forma, la Regla 28, *supra*, dispone además, en su incisos K lo siguiente:

K. El Juez Administrador o la Jueza Administradora tendrá autoridad para ordenar la transcripción de prueba o regrabación, con o sin el pago de arancel, <u>para</u> <u>funciones</u> <u>administrativas</u> y <u>protocolarias</u> <u>o</u> <u>cuando</u> el <u>interés</u> <u>público</u> <u>así</u> <u>lo</u> <u>requiera</u>.

### D. Moción de desestimación al amparo de la Regla 10.2(5) de Procedimiento Civil

En nuestro ordenamiento procesal, la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite a la parte demandada solicitar la desestimación de la reclamación instada en su contra antes de contestarla cuando es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará. *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1065 (2020) (citando a *Sánchez v. Aut. de los Puertos*, 153 DPR 559, 569 (2001)). A esos fines, la precitada regla fija los siguientes fundamentos para solicitar la desestimación: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del

emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) **dejar de exponer una reclamación que justifique la concesión de un remedio**; y (6) dejar de acumular una parte indispensable. 32 LPRA Ap. V, R. 10.2.

En la atención de una solicitud de desestimatoria, el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409 (2008). Es menester destacar que, "no procede la desestimación a menos que se deduzca con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo a su reclamación". *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811, 821 (2013); *Consejo Titulares v. Gómez Estremera*, 184 DPR 407, 423 (2012). Una vez el juzgador analice ponderadamente que, de manera principal o en la alternativa, no existe remedio alguno en derecho, se encontrará en posición para decidir si desestima total o parcialmente una demanda. *Comisión v. González Freyre et al.*, 211 DPR 579, 615 (2023).

Ahora bien, ante una moción de desestimación, "resulta evidente interpretar las alegaciones conjunta y liberalmente a favor del promovido". *Torres, Torres v. Torres Serrano*, 179 DPR 481, 502 (2010); *Sánchez v. Aut. de Los Puertos*, 153 DPR 559, 570 (2001). Así pues, el tribunal debe examinar "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Colón v. Lotería*, 167 DPR 625, 649 (2006); *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994).

**III.**

En el recurso de epígrafe, el señor Francis Martínez expone que el 8 de noviembre de 2023, el foro primario celebró una vista en el caso CG2022CV00635. De acuerdo con el apelante, en esa ocasión solicitó la regrabación de la vista al amparo de la Regla 28 de la Administración del

Tribunal de Primera Instancia. No obstante, indicó que el foro primario denegó tal solicitud. Al respecto, aseveró que el foro intermedio apelativo revisó tal determinación, sin embargo, denegó la expedición del *certiorari*. A la luz de ese contexto, puntualiza que ese trámite anterior no impide tramitar un requerimiento al amparo de la Ley de Acceso a la Información, *supra*, para solicitar las regrabaciones. Por tanto, señala que incidió el Tribunal de Primera Instancia al negarse a concluir que los audios de la vista judicial forman parte del expediente, y constituyen información pública a tenor con la referida legislación.

De un examen del recurso presentado por el señor Francis Martínez así como de los documentos incluidos en el expediente surge que en el caso de epígrafe este utilizó el mecanismo procesal que provee el Artículo 6 de la Ley Núm. 141-2019, *supra*, para solicitar información pública a un organismo gubernamental y que la OAT, al denegarle la solicitud de información presentada por este al amparo de la Ley Núm.141-2019, *supra*, fundamentó su denegatoria en lo siguiente:

> Ante lo solicitado, traemos a su atención que el acceso que procura está regulado por la vía judicial. *Véase*, Regla 28 de las *Reglas para la Administración del Tribunal de Primera Instancia.* Por lo tanto, no nos resulta posible atender su petición a nivel administrativo. En cambio, su petición de acceso a las regrabaciones identificadas debe encauzarse judicialmente al tribunal que atiende este asunto por estar sujeto a determinación judicial y al pago de derechos arancelarios aplicables.[11]

Ante dicha denegatoria, el señor Francis Martínez prosiguió a presentar *Recurso Especial de Acceso a Información Pública,* ante el Tribunal de Primera Instancia, de conformidad a lo dispuesto en el Artículo 9 de la Ley Núm. 141-2019, *supra*, cuando la entidad gubernamental le notifica su determinación de no entregar la información solicitada. Al atender el *Recurso Especial de Acceso a Información Pública* presentado por el señor Francis Martínez, el foro primario fundamentó su dictamen en que el procedimiento que provee la Regla 28 de las Reglas para la Administración del TPI, *supra*, para obtener las regrabaciones es el idóneo para ello.

---

[11] Apéndice de la parte apelante, pág. 3.

En lo pertinente, el inciso (**A**) de la Regla 28 de las Reglas para la Administración del TPI, *supra,* establece que **para solicitar la regrabación de los procedimientos para propósitos de revisión o apelación**, esta será autorizada por el Tribunal Supremo o el Tribunal de Apelaciones conforme a lo dispuesto en sus respectivos Reglamentos, según sea el caso. **Dicha disposición no es aplicable al presente caso toda vez que el señor Francis Martínez no solicita la información pública**, - este caso regrabaciones - **con esos fines**, **ni como parte de un procedimiento judicial de revisión o apelación de algún dictamen del foro primario**. De igual forma, la discreción y autoridad que ostenta el Juez Administrador o Jueza Administradora para ordenar la transcripción de la prueba o la regrabación de un procedimiento con o sin pago de arancel, para funciones administrativas y protocolarias o cuando el interés público así lo requiera, contemplada por el inciso (K) de la Regla 28, *supra,* de ninguna manera constituye un impedimento o camisa de fuerza que limite el derecho a solicitar y obtener dicha información pública sin necesidad de acreditar "algún interés particular" mediante solicitud escrita o por vía electrónica a la entidad gubernamental, en este caso la OAT, a tenor con lo dispuesto en el Artículo 6 de la Ley Núm. 141-2019, *supra.* En todo caso y según dispone el Artículo 8 de la Ley Núm. 141-2019, *supra,* la solicitud de copias, grabaciones y reproducciones estarán sujetas a cargos razonables y al pago de derechos conforme se establezca mediante reglamento u orden administrativa. Sobre estos extremos, el inciso (L) de la Regla 28 de las Reglas para la Administración del TPI, *supra,* dispone expresamente que "[e]l Juez Presidente o la Jueza Presidenta, con el asesoramiento del Director Administrativo o la Directora Administrativa de los Tribunales, fijará las reglas y los aranceles aplicables a las transcripciones de la prueba y a la regrabación o duplicación electrónica de la cinta que corresponda". Puntualizamos que el requerimiento de información pública del señor Francis Martínez consistente en regrabaciones de dos vistas celebradas ante el foro primario no tiene como propósito la eventual presentación de un

recurso de revisión o apelación, instancias reguladas expresamente por la Regla 28, *supra*. Así lo reconoce el foro primario en la Resolución recurrida.[12] Ante ese escenario, en ausencia de reglamentación alguna que regule la obtención de dichas solicitudes de información pública consistentes en regrabaciones de vistas, presentadas por cualquier ciudadano al amparo de la Ley Núm. 141-2019, *supra*, corresponde a la OAT evaluarlas y encauzarlas administrativamente.

Es preciso destacar que la aplicabilidad de la Ley Núm. 141-2019, *supra*, se extiende a la rama legislativa, la rama judicial y la rama ejecutiva, incluyendo en esta a todas las entidades gubernamentales, corporaciones públicas y los municipios, según prescrito en el Artículo 2 de la Ley Núm. 141-2019, *supra*. Sin embargo, en su *Alegato en Oposición*, es la contención principal de la OAT que el procedimiento que provee la Ley Núm. 141-2019, *supra*, para obtener información pública mediante una petición escrita o por vía electrónica dirigida a cualquiera de las tres ramas, no se extiende de la misma forma a las regrabaciones de los procedimientos judiciales, aun cuando reconoce que estas regrabaciones constituyen información pública. Razona la OAT que acceder a la solicitud de información pública del señor Francis Martínez consistente en la obtención de regrabaciones sobre vistas celebradas, conforme al procedimiento establecido en el Artículo 6 de la Ley Num. 141-2019, *supra*, socavaría los principios básicos que sostienen nuestro sistema judicial, toda vez que la OAT no tiene la facultad de revisar, intervenir ni alterar las determinaciones procesales y sustantivas de los foros primarios con relación a los casos.

Precisamente, el señor Francis Martínez, atendió las razones y preocupaciones de la OAT y como lo solicitaría cualquier ciudadano ante cualquiera de las tres ramas de gobierno al amparo del Artículo 6 de la Ley Núm. 141-2019, *supra*, le solicitó el acceso y la obtención de la regrabación de las vistas, lo cual es información pública. Una vez la OAT le denegó la

---

[12] Véase página 8 de la *Resolución* recurrida, a la página78 del Apéndice del recurso presentado por el señor Francis Martínez.

información pública solicitada, el señor Francis Martínez presentó un recurso de revisión especial ante el foro primario mediante un pleito independiente tal y como provee el Artículo 9 de la Ley Núm. 141-2019, *supra*, para aquellos casos en los que una entidad gubernamental, en este caso la OAT, deniegue el acceso a la información. La preocupación de la OAT se atiende precisamente mediante la presentación de un pleito independiente de acceso a la información pública al amparo de la Ley Núm. 141-2019, *supra*, ante su consideración como organismo gubernamental que administra el Poder Judicial. De ninguna manera el proveer acceso a la información pública solicitada y orientar al solicitante sobre los aranceles aplicables a su solicitud de regrabación, la OAT no estaría interviniendo con determinaciones procesales ni sustantivas de los foros primarios en los casos, sino que estaría canalizando la solicitud de obtención de grabaciones y reproducciones que constituyen información pública, conforme a lo dispuesto en el Artículo 8 de la Ley Núm. 141-2019, *supra* y el inciso (L) de la Regla 28 de las Reglas para la Administración del TPI, *supra*. Enfatizamos que el recurso de revisión especial ante el foro primario es el procedimiento que establece el Artículo 9 la Ley Núm. 141-2019, *supra* y aplica a las solicitudes de información pública denegadas por la entidad gubernamental de cualquiera de las tres ramas de gobierno.

Finalmente, de una lectura minuciosa del expediente tampoco surge que las regrabaciones de las vistas celebradas y solicitadas por el señor Francis Martinez hubiesen sido objeto de algún reclamo de confidencialidad por parte de la OAT o de algún tercero. La Resolución recurrida carece de fundamentos adecuados que nos muevan a decretar que resulta improcedente la divulgación de la información solicitada por el señor Francis Martínez. Recordemos que la propia Ley Núm. 141-2019, *supra*, exige que la decisión de denegar la divulgación de información pública tiene que especificar por escrito los fundamentos jurídicos en los que se basa la denegatoria o negativa de entregarla en el término establecido. El alegado incumplimiento con la aludida Regla 28, *supra*, tampoco puede constituir

traba procesal que impida al señor Francis Martínez solicitar y obtener la regrabación de vistas celebradas en procedimientos ante el foro primario, lo cual además de ser información pública, su acceso y obtención está garantizado y regulado por la Ley Núm.141-2019, *supra*. La denegatoria a esta solicitud de información pública por cualquiera de las tres ramas del gobierno es igualmente revisable mediante Recurso Especial de Acceso a Información Pública presentado ante el Tribunal de Primera Instancia. Contrario a la respuesta recibida por parte de la OAT, conforme a las disposiciones del Art. 6 de la Ley Núm. 141-2019, *supra*, la solicitud inicial para la obtención de información pública presentada por cualquier persona ante cualquiera de las tres ramas de gobierno no es una gestión que requiera en esa etapa el encauzamiento judicial. Es posteriormente que el estatuto provee el mecanismo de recurso especial de revisión ante el Tribunal de Primera Instancia.

La OAT, como ente administrativo del Poder Judicial está compelida por la Ley Núm. 141-2019, *supra*, a garantizar y proveer el acceso a la información pública solicitada por todo peticionario, y ello incluye sin excepción, a la obtención de copias, grabaciones y reproducciones de la información, las cuales estarán sujetas a los cargos razonables que se establezcan mediante reglamento u orden administrativa según dispone el Artículo 8 de la Ley Núm. 141-2019, *supra*. Ello no constituye una intervención de la OAT con las determinaciones sustantivas y procesales emitidas por los jueces, ni con la reglamentación aprobada por el Tribunal Supremo de Puerto Rico.

Sobre estos extremos conviene recordar que anteriormente, mediante dictamen emitido en el caso KLCE202301446, se hizo constar que la postura del Municipio de Caguas en aquella ocasión, con respecto a la solicitud de regrabación de la vista celebrada en el caso CG2022CV00635 sobre expropiación forzosa, era que el señor Francis Martínez carecía de legitimación activa para solicitar la regrabación porque este ya no era abogado del Municipio y que procedía que hiciera su reclamo en un pleito

independiente, de conformidad con lo dispuesto en el Artículo 9 de la Ley Núm. 141-2019, *supra.*[13]

De conformidad con lo anterior, concluimos que la solicitud de información pública presentada por el señor Francis Martínez ante la OAT tampoco constituye ataque colateral a ningún dictamen previo del foro primario, por lo que su *Recurso Especial de Revisión Judicial para el Acceso a la Información Pública* no debió ser desestimado por el TPI. De igual forma concluimos que incidió el foro primario al denegar el recurso de revisión especial presentado por el señor Francis Martínez al amparo del Artículo 9 de la Ley Núm. 141-2019, *supra*, para revisar la denegatoria de la OAT como entidad gubernamental que administra el poder judicial, a la solicitud y obtención de información pública. El Artículo 12 de la Ley Núm. 141-2019, *supra*, dispone que la legislación deberá interpretarse en la forma más liberal y beneficiosa para la persona solicitante de la información pública y en caso de conflicto entre las disposiciones de esta Ley y la de cualquier otra legislación, prevalecerá aquella que resulte más favorable para la persona solicitante de información y documentación 3 LPRA sec. 9919.

Con estos antecedentes, concluimos que incidió el foro primario al declarar *No Ha Lugar* el *Recurso de Revisión Especial para Acceso a la Información Pública* presentado por el señor Francis Martínez y al desestimar dicho recurso al amparo de la Regla 10.2 de Procedimiento Civil, supra, fundamentado en que la Regla 28 de las Reglas para la Administración del TPI, *supra*, es el proceso idóneo para la reproducción de las grabaciones, así como al declarar Ha Lugar la moción de desestimación presentada por la OAT.

IV.

Por los fundamentos que anteceden, expedimos el auto de *Certiorari* solicitado por el señor Francias Martínez y **Revocamos** la *Resolución* recurrida. Se ordena a la OAT, como organismo administrador del Poder Judicial a tramitar la reproducción de las regrabaciones de las vistas

---

[13] *Véase* páginas 81-88 del Apéndice del recurso.

celebradas el 23 de junio de 2023 y 8 de noviembre de 2023 en los casos con designación alfanumérica CG2022CV01932 Y CG2022CV00635 en la región judicial correspondiente, previa notificación al señor Francis Martínez de los aranceles correspondientes para su obtención expedita.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones